No. 955 December 26, 2024 177

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

CHRISTOPHER MICHAEL WALKER,
*Petitioner,*

*v.*

BOARD OF PAROLE AND POST-PRISON
SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A182353

Submitted November 8, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Lagesen, Chief Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner seeks judicial review of a final order of the Board of Parole and Post-Prison Supervision (the board) after it imposed, among other conditions, Special Condition (SC) 11, which requires petitioner to have no contact with victims A and F because of his violent history toward them. In his only assignment of error, petitioner challenges the board's imposition of SC 11. Because that condition is supported by substantial evidence, ORS 183.482(8)(c), we affirm.

ORS 144.102(4)(a) authorizes the board to impose a special condition of post-prison supervision that it "considers necessary because of the individual circumstances of the person on post-prison supervision." In this case, SC 11 requires that petitioner:

"Have no contact direct or indirect with those listed below: No contact with victim(s), [A], [F], including direct, indirect, second or third party contact or knowingly being with 1,000 feet of a victim's residence, employment, school, daycare or motor vehicle without prior written consent of the PO."

Petitioner argues that SC 11 is broadly written; he acknowledges that, while the evidence "could support a condition of forbidding physical contact with [A]," the evidence "does not support a prohibition on communicating with [A] through an intermediary or being within 1,000 feet of her home, work, or school."

We conclude that the board's decision to impose SC 11 was supported by substantial evidence and was within the board's discretion. Petitioner, who was already subject to a no-contact condition with A from a prior offense, entered A's home, made inappropriate comments about F, A's pregnant daughter, and violently assaulted A. Even after petitioner left A's home—because he realized that A had called the police—petitioner attempted to reenter. Given those circumstances—specifically petitioner's violence against A despite the existence of a no-contact order—"the board could reasonably view it as essential to public safety or petitioner's reformation" that petitioner should be prohibited from any contact with A. *Crombie v. Board of Parole*, 325 Or App 312,

322, 528 P3d 1171 (2023); *see id.* at 324 (explaining that a condition "that is not tailored to the offender's individual circumstances \*\*\* necessarily risks disproportionality as applied to some offenders"). Accordingly, the board's decision to impose SC 11 fell "within the range of legally permissible outcomes." *Schmult v. Board of Parole*, 306 Or App 350, 354, 474 P3d 920 (2020).

Petitioner contends that Crombie dictates a different outcome. There, the petitioner was convicted of various crimes after having a sexual relationship with a teen victim in which he used a cell phone to communicate with her. Crombie, 325 Or App at 314. We held that one of the board's special conditions—restricting access to any and all computing devices—was not essential to public safety or the petitioner's reformation, because the crime of using a cell phone to communicate and maintain a relationship with the victim did not support a complete restriction on using any computing devices. Id. at 324. However, as explained above, SC 11 was tailored to petitioner's circumstances; substantial evidence supports that tailoring, specifically petitioner's "current and prior convictions, history and background, record of conduct," including his defiance of a no-contact order from a previous offense and a pattern of violent behavior against A. Penn v. Board of Parole, 365 Or 607, 635, 451 P3d 589 (2019). See Weems/Roberts v. Board of Parole, 347 Or 586, 595, 227 P3d 671 (2010) (explaining that the legislature "intended the board to consider more than just the narrow circumstances of an offender's current crimes of conviction" to include "more generally the offender's personal history and background").

Affirmed.